## ACTION ON AN OLD BOOK ACCOUNT.

### Circuit Court of Cuyahoga County.

JESSE B. MARSHALL, ADMINISTRATOR OF W. D. McCLURE, DE-
CEASED, LATE PARTNER OF THE FIRM OF McCLURE &
Co., v. JACOB H. FIRESTONE.

Decided, September 28, 1907.

*Statute of Limitations—Partial Payments—Burden of Proof—Computa-
tion of Time.*

1. It must affirmatively appear that the payment relied upon as
   defeating the statute of limitations was a part payment of a
   greater debt and not a complete satisfaction of the debt.
2. Actions on a book account may be begun on the sixth anniversary
   of the date when the obligation was incurred.

WINCH, J.; HENRY, J., and MARVIN, J.. concur.

The original action was brought in a justice's court, for the
balance of an account, the items of which, according to the
books of the plaintiff's decedent, are as follows:

| | | |
|---|---|---:|
| February 10, 1900. | Wrapping pipes. | $ 15.00 |
| December 20, 1898. | Contract for heating plant. | 365.00 |
| February 13, 1900 | Grate var. | 2.00 |
| | Total. | 382.00 |
| May 26, 1900. | Credit by check. | 350.00 |
| | Balance | $ 32.00 |

The check thus credited, was dated May 24, 1900, and came
through the clearing house to the bank on which it was drawn
on May 28, 1900.

A witness testifies that some time in 1900, when the decedent
demanded payment of Firestone, the latter offered to pay $350
in full of what he owed, if the former would wrap the pipes;
that the decedent agreed to do this for $15, to which Firestone
assented.

The justice rendered judgment against the plaintiff, upon the ground that the action was barred by the six years statute of limitations, and this judgment having been affirmed by the court of common pleas, is here sought to be reversed.

If the date of the credit on decedent's books is deemed correct, the action having been brought on the sixth anniversary of that date is "within the six years," as required by Section 4991, Revised Statutes, computing "the time within which" such action must be brought in the manner prescribed by Section 4951, by excluding the first day, i. e., the one on which the cause of action accrued, and including the last day, i. e., the one on which suit is brought. *Harris & Harris* v. *Harris*, 13 C. C., 170.

True, this manner of computation results in the anomoly of giving six years and one day in which to sue; for of course suit may be brought on the very day a cause of action accrues. But the matter of computation being prescribed by statute, we have no other course than to follow it.

The date of the check, though doubtless evidence of the time when it was executed, is not evidence of the time of its delivery. The only evidence fixing the latter time is the date, May 26, 1900, of the credit in decedent's book. It was on that date, as shown by said book, that decedent received payment, the check not having been thereafter dishonored.

The date when the pipes were wrapped is involved in hopeless confusion and affords no aid in determining the date of delivery of the check. But the evidence that the check was given in full payment of all claims (except $15 for wrapping the pipes, which was not owing, because the work was yet to be done), renders applicable the principles laid down in *Wood on Limitations*, Section 98:

"If the payment is accompanied by declarations and statements from some of which it is to be inferred that a further debt remained due, and from others that all further liability was repudiated, it is for a jury to draw their own conclusions from the statements made, and adopt or reject what portions of them they think fit. * * * The burden of establishing a part payment sufficient as to time and other circumstances to remove the statute bar is upon the plaintiff."

To the same effect are the following authorities: *Kaufman* v. *Broughton*, 31 O. S., 424; *Bogart* v. *Cox*, 4 C. C., 289; *25 Cyc.*, 1373, 1374; *19 Am. & Eng. Enc. of Law*, 325; *33 Cent. Dig.*, 1180, 1202.

''It must affirmatively appear that the payment relied on as defeating the statute of limitations was a part payment of a greater debt and not a complete satisfaction for the debt.''

The justice in weighing the evidence, found that plaintiff had not sustained the burden the law imposed upon him. As every item of the account proved is on its face barred, unless acknowledged by the part payment, we can not hold that the justice erred in refusing so to interpret the credit relied on.

Judgments below are affirmed.